IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLEAN AIR COUNCIL, | : |
| | : Civil Action No. 2:19-cv-01072-MJH |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| UNITED STATES STEEL CORPORATION, | : |
| | : |
| Defendant. | : |

**<u>DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS</u>**

Defendant United States Steel Corporation ("U. S. Steel") files this reply brief in support of its Motion to Dismiss.

**I.   INTRODUCTION**

The single issue that must be resolved in connection with U. S. Steel's Motion to Dismiss is one of statutory interpretation: whether the air emissions complained of by Plaintiff Clean Air Council ("CAC") are exempt from CERCLA's reporting requirements as "federally permitted releases" because those emissions are "subject to" permits or control regulations under a state implementation plan. As a matter of law, they are. Fundamental principles of statutory interpretation demonstrate that the unambiguous phrase "subject to" refers to a release that is affected by permits or control regulations, while "in compliance with" refers to a release in an amount below any numerical limit(s) or otherwise in conformance with any permits or control regulations that regulate the release. Because there is no dispute that the emissions at issue are subject to U. S. Steel's Title V Permits under the Pennsylvania State Implementation Plan ("SIP"), they are

{B4527918.3}

exempt from CERCLA's reporting requirements. U. S. Steel, therefore, requests that CAC's Complaint be dismissed.

## II. ARGUMENT

The only facts relevant to this Motion are undisputed: the air emissions at issue are governed by U. S. Steel's Title V Permits under the SIP. *See* CAC's Brief in Opposition at 3 ("the emissions from Defendant's combustion of coke oven gas . . . were not controlled as required by Defendant's permits or control regulations"); U. S. Steel's Brief in Support at 4-5. Therefore, the sole issue to be decided in U. S. Steel's Motion is whether these emissions are exempt from CERCLA's reporting requirement based on the meaning of the phrase "subject to" in CERCLA 101(10)(H).

CAC raises multiple arguments in opposition to this straightforward issue of statutory construction and contends that the phrase "subject to" in CERCLA 101(10)(H) is ambiguous based on the decisions of the administrative law judge in *In the Matter of Mobil Oil Corporation, Respondent*, 1992 WL 293133 ("*Mobil I*") and Environmental Appeals Board (the "Board") in *In re: Mobil Oil Corporation,* 1994 WL 544260 ("*Mobil II*"). CAC contends that this ambiguity allows the Court to disregard the plain statutory text and consider legislative history, unofficial agency guidance, and decisions of administrative tribunals to assign the phrase a meaning that is favorable to CAC. CAC's contention is contrary to fundamental principles of statutory interpretation.

Differing language in different subsections of the same statute have different meanings. *See Russello v. United States*, 104 S. Ct. 296, 300 (1983) (holding that when "Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and

purposely in the disparate inclusion or exclusion"). Therefore, "subject to" and "in compliance with," both of which are separate phrases in CERCLA 101(10), cannot mean the same thing. Faced with this Supreme Court guidance on statutory interpretation, CAC has no option but to suggest that this Court ignore the Supreme Court's holding in *Russello* and follow non-binding administrative decisions. *See* CAC's Brief in Opposition at 16. This is improper and inconsistent with the analysis employed by other district courts in the Third Circuit. Unlike CAC and the *Mobil* decisions, district courts in the Third Circuit have followed the Supreme Court's approach to statutory interpretation and narrowly interpreted "in compliance with" in CERCLA 101(10) as unambiguous and including only those releases within the quantity limitations established by the applicable permit. *Pennsylvania v. Lockheed Martin Corp.*, 684 F. Supp. 2d 564, 583 (M.D. Pa. 2010); *Reading Co. v. City of Philadelphia*, 823 F. Supp. 1218, 1230 (E.D. Pa. 1993). Applying these decisions to the Supreme Court's rationale in *Russello* - that different terms in different sections of the same statute have different meanings - demonstrates that "subject to" is necessarily broader than "in compliance with" and refers to those releases that are affected by legally enforceable permits.

CAC also incorrectly contends that this Court should give deference to the non-binding *Mobil II* decision because it was issued by an administrative agency. *See* CAC's Brief in Opposition at 16. CAC overlooks that courts only owe deference to the guidance or decisions of administrative agencies if the statute at issue is ambiguous, which CERCLA 101(10)(H) is not. *See Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 104 S. Ct. 2778, 2781, n. 9 (1984). Similarly, it is only appropriate for courts to consider legislative history or underlying legislative intent if the statutory language is ambiguous.

*U.S. ex rel Mistick PBT v. Hous. Auth. of City of Pittsburgh*, 186 F.3d 376, 395 (3d Cir. 1999).  Because "subject to" is unambiguous, neither *Mobil* decision should have relied on legislative history.  *See* U. S. Steel's Brief in Support at 10 n. 5. [1]

CAC further disregards CERCLA's plain text by asking this Court to find that the "federally permitted release" exception excludes releases resulting from "accidents" or "emergencies."  *See* CAC's Brief in Opposition at 3-9.  CAC's sole support for the proposed exclusion is a statement made by a single legislator that was referenced in the *Mobil I* decision.  *Id.; see also Mobil I* at *9.  This made-up exclusion does not appear anywhere in the statutory text.  Neither CERCLA 103(a) nor 101(10)(H) state that emissions from accidents or emergencies cannot qualify as "federally permitted releases."  In fact, nowhere in either statutory section are there any variation of the words "accident" or "emergency."  CAC's contention that the emissions at issue in this case cannot be a "federally permitted release" solely because they were caused by an accident or emergency lacks merit.

CAC also incorrectly contents that the "federally permitted release" exception does not apply to releases that violate permit limits because such an exemption would "create gaps in the government's ability to protect the public and environment from

---

[1] CAC misconstrues the Third Circuit's decision in *Hayes v. Harvey*, 903 F.3d 32 (3d Cir. 2018) as demonstrating that courts will consider legislative history even when a statute is unambiguous. The Third Circuit in *Hayes* interpreted the statute at issue according to its plain language and reached its decision independent of legislative history; it referenced legislative history simply to show that it was also consistent with the statute's plain meaning.  *Hayes*, 903 F.3d at 45 n. 5 ("As we have explained, the plain language of [the statute], when read in the context it is used, is alone sufficient to conclude that the District Court must be reversed . . . Here, we include a brief discussion of purpose and legislative history solely to demonstrate *why* Congress would have chosen to enact this particular language") (emphasis in original). Legislative history is irrelevant in this case given the unambiguous statutory text at issue.  Even the administrative decision on which CAC relies recognized that CERCLA's legislative history does not resolve the issue before this Court.  *Mobil II* at *10 ("Unfortunately, none of this legislative history offers clear illumination on the answer to the question of whether Congress intended a difference between the terms 'in compliance with' and 'subject to' as they are used in the definition of 'federally permitted release'").

hazardous air releases." *See* CAC's Brief in Opposition at 10 (citing *Mobil I* at *16). Reading "subject to" as including only those releases that are affected by legally enforceable permits does not create any enforcement gaps here because the emissions in question are being addressed by CAC (and others, including the ACHD) in a separate lawsuit filed under the Clean Air Act seeking to impose civil penalties and injunctive relief.[2] *Id.* For these same reasons, CAC's contention that "[u]nder [U. S. Steel's] interpretation, a facility could violate the Clean Air Act by releasing hazardous substances above permitted thresholds, and then hide behind its violation of the law for not making the require notification under CERCLA" is also misplaced. *See* CAC's Brief in Opposition at 14; U. S. Steel's Brief in Support at 2 n.1.[3]

## III. CONCLUSION

U. S. Steel respectfully requests that this Court utilize well-established principles of statutory construction to interpret the unambiguous phrase "subject to" in accordance with its plain meaning. Because the air emissions complained of by CAC are "subject to"

---

[2] CAC argues that U. S. Steel's citation to CAC's averments in the *PennEnvironment* litigation - in which CAC claims U. S. Steel violated the Clean Air Act, its Title V Permits, and the SIP in connection with the same air emissions that are the subject of this suit - requires consideration of facts outside the pleadings and is therefore inappropriate on a motion to dismiss. *See* CAC's Brief in Opposition at 21; U. S. Steel's Brief in Support at 4-5. CAC is incorrect because courts can take judicial notice of statements a party made in documents filed in another action. *See e.g. MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (taking judicial notice against a party of allegations contained in papers it filed in another action); *Kennedy v. Borough of S. Coatesville*, 1999 WL 455702, at *1 (E.D. Pa. June 25, 1999) (citing the Ninth Circuit's decision in *MGIC,* 803 F.2d at 504, in support of this proposition).

[3] CAC also argues that the "federally permitted release" exception is an affirmative defense for which U. S. Steel cannot bear its burden of proof on a motion to dismiss. *See* CAC's Brief in Opposition at 24. This argument also ignores established case law. The Middle District in *Lockheed Martin* acknowledged that the "federally permitted release" exception is an affirmative defense but assessed the applicability of that exception on a motion to dismiss. *Id.* The Middle District engaged in a substantive analysis of the phrase "in compliance with" in CERCLA 101(10) and concluded that factual questions regarding whether the quantity of the releases exceeded the permitted amounts precluded ruling on the motion. *Id.* Here, no such factual questions exist because "subject to" refers to a broader category of releases than "in compliance with" and CAC has acknowledged in a separate enforcement action before this Court that the emissions it complains of are "subject to" U. S. Steel's Title V Permits under the SIP. *See* U. S. Steel's Brief in Support at 4-5. U. S. Steel therefore can and does meet its burden on this issue.

U. S. Steel's Title V Permits under the SIP, those releases are exempt from the reporting requirements of CERCLA 103(b).  U. S. Steel respectfully requests that this Court grant its motion and dismiss with prejudice all claims asserted against U. S. Steel in the Complaint.

                                          Respectfully submitted,

Dated:  December 9, 2019         /s/ Mark K. Dausch
                                        Mark K. Dausch, Esq.
                                        PA I.D. No. 205621
                                        James D. Mazzocco, Esq.
                                        PA I.D. No. 318410

                                        Babst, Calland, Clements and Zomnir, P.C.
                                        Two Gateway Center, 6th Floor
                                        603 Stanwix Street
                                        Pittsburgh, Pennsylvania  15222
                                        (412) 394-5655

                                        *Counsel for Defendant, United States Steel Corporation*

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing **Reply Brief in Support of Motion to Dismiss** was, this 9th day of December, 2019, served through the court's electronic filing system upon the following:

Lisa Widawsky Hallowell
Environmental Integrity Project
1000 Vermont Avenue, NW, Suite 1100
Washington, DC 20005
*Attorney for Plaintiff*

BABST, CALLAND, CLEMENTS AND ZOMNIR, P.C.

/s/  Mark K. Dausch

{B4527918.3}